THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN D. RITCHIE, an individual
    and
H. DAVID REYNARD, AS TRUSTEE FOR
THE HARLIE DAVID REYNARD, JR. REVOCABLE TRUST
UNDER AGREEMENT DATED SEPTEMBER 22, 1998,
                Plaintiffs,

v.                                CASE NO. 8:06-CV-2130-T-30TBM

CALIFORNIA EXOTIC NOVELTIES, LLC.
    a California Limited Liability Company

and

SUSAN S. COLVIN, PRES. CALIFORNIA EXOTIC NOVELTIES, LLC.
    an individual, residing in California

                Defendants.                JURY TRIAL REQUESTED
_____/

## COMPLAINT

Plaintiffs, Steven Ritchie and H. David Reynard, as trustee for the Harlie David Reynard, Jr. Revocable Trust Under Agreement Dated September 22, 1998, hereby bring this complaint against the Defendants CALIFORNIA EXOTIC NOVELTIES, LLC., (hereinafter "CENLLC"), and SUSAN S. COLVIN, hereinafter "COLVIN", and allege as follows:

### THE PARTIES

(1) Plaintiff Steven Ritchie is an individual residing in the County of Pinellas, State of Florida.

(2) Plaintiff H. David Reynard is an individual residing in

-1-



the County of Pinellas, State of Florida acting as Trustee for The Harlie David Reynard, Jr. Revocable Trust under Agreement Dated September 22, 1998.

(3) Defendant, CALIFORNIA EXOTIC NOVELTIES, LLC, is a California Limited Liability Company, doing business via mail or land lines, and on the internet having the web address of "http://www.calexotics.com."  CENLLC is engaged in the business of selling adult novelties and sex toys in the Middle District of Florida, in particular, CENLLC is a distributor of the above described merchandise and upon information and belief CENLLC sells and ships its merchandise into the Middle District of Florida.  A copy of CENLLC's web site is hereto attached as Exhibit B and incorporated as if fully set forth herein.

(4)  Defendant, SUSAN C. COLVIN, hereinafter "COLVIN", is an individual resident of the State of California.  On information and belief Defendant Colvin is a principal and officer of CENLLC, and in that capacity exerts control over that entity.  As stated in allegation paragraph (3) above, Plaintiffs believe that Colvin, under the guise of CENLLC operates at least one web site, with the known web site having the web address of http://www.calexotics.com/main.htm.  A copy of the web site, available within the Middle District of Florida, is hereto attached as Exhibit B and incorporated by reference as if fully set forth herein.  On information and belief, Colvin, in concert

-2-

with CENLLC, manufactures and/or sells sex toys and adult novelties within the Middle District of Florida. On information and belief Susan C. Colvin resides at, or can be found at, 14234 Ramona Avenue, Chino, CA, 91710. Susan C. Colvin is named as a Defendant in that 11th Circuit law provides for corporate officer liability in the case of corporations engaging in illegal activities, such as patent infringement.

## JURISDICTION AND VENUE

(5) This is a civil action concerning patent infringement in violation of the United States Patent Act of 1952, as amended, 35 U.S.C. § 271 et seq.

(6) The District Court for the Middle District of Florida has jurisdiction over this action pursuant to 15 U.S.C. §1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) -(b), as it involves substantial claims arising under the United States Patent Act of 1952, as amended, and 35 U.S.C. § 271 et seq.

(7) Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (a),(b), and (c) and 1400, since Defendants either reside and do business in the Middle District of Florida, or they are foreign corporations doing business in this judicial district. In this case, Colvin operates CENLLC and does business within the Middle District of Florida.

**THE PATENT-IN-SUIT**

(8) The Plaintiffs own all right, title and interest in and to United States Patent No. RE38,924, (the "'924" patent") entitled "Sex Aid", which was duly issued by the United States Patent and Trademark Office ("PTO") on December 20, 2005, and presumed valid under 35 U.S.C. § 282. The '924 patent, at all times pertinent, was, and is, enforceable. A copy of the '924 patent is attached hereto as Exhibit A.

**PATENT INFRINGEMENT**

(9) The Defendants have infringed, induced and/or contributed to the infringement of, at least one of the claims of the '924 patent in this judicial district by making, using or offering for sale an item, or items, that are covered by the property interest described by at least one the claims of the '924 patent.

(10) The Defendants' infringement of the '924 patent has been deliberate, willful, wanton, and with full knowledge and awareness of the '924 patent. Such willfulness makes this a special case as to damages, allowing triple damages in addition to attorney's fees and costs.

(11) The Defendants' acts have caused irreparable injury and damage to the Plaintiffs, for which the Plaintiffs have no

-4-

adequate remedy at law.

(12) One of the items that are distributed by the Defendants, which are alleged to infringe at least one of the claims of the '924 patent, is described as follows:

"Glacial Glass" by California Exotic Novelties, (UPC 16770 03498, SE-5670-30-2).

(13) Plaintiffs allege that there may be other items as yet not discovered, and so the Plaintiffs do not allege that the preceding is an all inclusive list, but Plaintiffs reserve the right to augment the list of infringing items as discovery progresses.

WHEREFORE, PLAINTIFFS RITCHIE AND REYNARD seek judgment:

(A) Permanently enjoining Defendants and the principals, shareholders, officers, directors, employees, successors, assigns, suppliers, agents, servants and attorneys, and all those persons in active concert, participation or privity with them, or any of them from making using selling offering for sale, or offering for others to use items that would constitute an infringement of the '924 patent;

(B) Awarding the Plaintiffs, pursuant to 35 U.S.C. 284, damages adequate to compensate in to defendant' infringement of the '924 patent, but in no event less than a reasonable royalty, together with pre-judgment interest;

(C) Awarding the Plaintiffs, pursuant to 15 U.S.C. 1117 and 35 U.S.C. 284, increased damages in the amount of three times the amount found or assessed, along with attorneys fees and costs, for the deliberate and willful nature of the Defendants' infringing activities;

(D) Awarding the Plaintiffs, pursuant to 15 U.S.C. 1117, damages the Plaintiffs sustained and Defendants' profits derived

or realized from the said of the infringing products;

(E) Granting such further and other relief as the Court may deem necessary and proper.

Dated: November 14th, 2006

                                Edward P. Dutkiewicz, P.A

                                Edward P. Dutkiewicz, Esq.
                                Trial Attorney
                                FL#: 0883387
                                640 Douglas Avenue
                                Dunedin, FL 34698
                                Tel.  (727) 734 - 2855
                                Fax.  (727) 734 - 2750
                                E-Mail: Edduke@colitz.com